# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN A. RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS J. DART, in his official capacity as Sheriff of Cook County, Illinois; TODD H. STROGER, in his official capacity as President of the Cook County Board; COUNTY OF COOK, ILLINOIS, a unit of local Government; SALVADOR GODINEZ, in his official capacity as the Executive Director of the Cook County Department of Corrections; DANIEL BROWN, in his official capacity as the Assistant Executive Director of the Cook County Department of Corrections; and UNKNOWN OFFICERS,<br><br>    Defendants. | No. 08 C 6098<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Detainee Plaintiff brings his first amended complaint pursuant to Title 42 Section 1983 alleging that Defendants deprived him of his Eighth and Fourteenth Amendment rights by implementing and enforcing polices and practices in the Department of Corrections that caused another inmate to attack and injure Plaintiff. Defendants Todd Stroger ("Stroger") and Cook County now move to dismiss the amended complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

In February 2008, while Plaintiff was a pretrial detainee at the Department of Corrections in Cook County, he was assigned to the same area as an inmate named Woods. Plaintiff alleges

that Woods was known by inmates to have a violent disposition and harass other inmates by forcing them to relinquish their possessions.  According to Plaintiff, Woods harassed him by attempting to force Plaintiff to turn over his food and possessions.  In reaction to Woods' harassment, Plaintiff made repeated requests for transfer to various unknown officers.  On June 21, 2008, Woods attacked Plaintiff when he refused to turn over his personal possessions.  As a result of this attack, Plaintiff sustained severe eye and facial injuries.

Less than one month after Plaintiff was transferred from the Department of Corrections, the Civil Rights Division of the United States Department of Justice released a report concluding that the levels of violence in the Cook County Jail were unacceptable, and that there was severe overcrowding and inadequate supervision.  *See* REPORT OF THE FINDINGS OF THE INVESTIGATION OF CIVIL RIGHTS DIVISION AND THE UNITED STATES ATTORNEY'S OFFICE INTO CONDITIONS AT THE COOK COUNTY JAIL (July 11, 2008) www.justice.gov/usao/iln/pr/chicago/2008/pr0717_01a.pdf. (the "Report").[1]  Plaintiff alleges that as a result of these conditions, Woods was permitted to harass his fellow inmates and physically attack Plaintiff.

In Count II of his first amended complaint, Plaintiff alleges that Defendants Dart, Stroger, Cook County, Salvador Godinez and Daniel Brown violated his Eighth and Fourteenth Amendment rights through express policies and widespread practices of: (1) failing to employ sufficient officers to protect inmates; (2) failing to develop and implement security procedures to protect inmates; (3) allowing the Department of Corrections to become overcrowded with

---

[1] Defendants argue in their response that this Report is unreliable because it lacks trustworthiness, is unduly prejudicial, is untimely, and was prepared with an eye toward litigation.

inmates; (4) allowing Correctional Officers to "cross watch"; (5) failing to implement and enforce policies to adequately supervise prisoners; and (6) failing to implement and administer an adequate inmate grievance policy.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiff, for his part, must do more than solely recite the elements for a violation; he must plead with sufficient particularity so that his right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead his facts so that, when accepted as true, they show the plausibility of his claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of his entitlement to relief. *Id.* (internal quotations omitted).

## III. DISCUSSION

Defendants Stroger and Cook County argue that they should be dismissed from this complaint because neither has the legal responsibility to ensure that the policies and practices of administrative departments comply with the United States Constitution. Instead, it is the Sheriff and his employees who have the responsibility of administering the jail. *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994). Defendants argue that they should be dismissed because the County cannot be held liable for the conduct of its sheriff under a theory of respondeat superior.

3

*Id*. at 929. Plaintiff, however, does not argue a respondeat superior theory of liability. Instead, Plaintiff attempts to hold Defendants liable for their alleged failure to provide adequate staffing at the Department of Corrections, which Plaintiff claims was a proximate cause of his injury.

Plaintiff argues that because Stroger and Cook County recommend and provide funding for the Department of Corrections, they are responsible for the inadequate staffing that contributed to Plaintiff's injury and thus are appropriate defendants in this cause of action. Indeed, Illinois statute provides that the "County Board must appropriate and provide funds for the necessary ordinary and contingent cost incurred by the office of the Sheriff in the performance of its powers, duties and functions." 55 IL. COMP. STAT. § 5/3-15-15. Plaintiff submits in his response brief that Cook County and Stroger annually formulate, recommend and approve a budget for the Department of Corrections, that the Cook County Board and its President, Stroger, recommend the amount of funding to be provided to the Department of Corrections, and that they specifically recommend the number of correctional officers to be stationed in each division of the Department of Corrections. Plaintiff argues that because Cook County and Stroger formulate annual staffing recommendations and provide funding for staffing at Division II of the Department of Corrections, the division where Plaintiff was injured, they are liable for his injury.[2] In his response, Plaintiff provides a copy of Stroger's "Executive Budget Recommendation" as submitted to the Committee on Finance of Cook County Government for the year 2009. Plaintiff asks that I take judicial notice of this document.[3]

---

[2] Plaintiff does not allege that by law or regulation the Sheriff could not reallocate money or personnel. We do not know if the Sheriff has this authority because it was not alleged.

[3] Defendants ask that I disregard this document because it is offered outside of the four corners of the complaint and because it has no relevance to Plaintiff's claim.

To obtain Section 1983 relief, a plaintiff must establish that the defendants deprived him of a constitutional or federal right, and that the defendants acted under color of state law. *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir.2005). A plaintiff may only bring a Section 1983 claim against those individuals personally responsible for the constitutional deprivation. *Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 614 (7th Cir. 2002). A plaintiff may not rely on the doctrine of respondeat superior to hold a supervisor liable for the misconduct of his subordinates, but rather the supervisor must have had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct. *Id.* at 614-15. Nor may a plaintiff rely on negligent supervision of subordinates as an authorized ground of liability under Section 1983. *Wilson v. City of Chicago,* 6 F.3d 1233, 1241 (7th Cir.1993).

Plaintiff claims that he was deprived of both his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process of law when Defendants were deliberately indifferent to the consequences of their policies which caused his injuries. As an initial matter, the Eighth Amendment does not apply to pretrial detainees in the context of cruel and unusual punishment. The Fourth Amendment applies at the time of arrest and through the *Gerstein* probable cause hearing, the Fourteenth Amendment due process principles govern a pretrial detainees' conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies after conviction. *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006). Accordingly, the due process clause of the Fourteenth Amendment applies to Plaintiff's allegations of cruel and unusual punishment.

The Fourteenth Amendment's due process clause prohibits any type of punishment of a pretrial detainee. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). To successfully

5

plead a constitutional violation for the conditions of his confinement, Plaintiff must show that his conditions amounted to punishment, and that Defendants acted with deliberate indifference, which is more than negligence. *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998); *Collingnon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). A court should consider whether the conditions of confinement are imposed with an intent to punish, or pursuant to a legitimate administrative purpose. *Tesch*, 157 F.3d at 473-74; *Smith v. Mangrum*, 94 c 50180, 1996 WL 607001 (N.D. Ill. Oct. 21, 1996). Conditions of confinement will be considered punishment when the conditions inflicted on a plaintiff are objectively severe and imposed with intent to punish or deliberate indifference to the prisoner's discomfort. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Tech v. Village of Green Lake*, 157 F.3d 465, 472-73 (7th Cir. 1998). To show deliberate indifference, a plaintiff must show that defendants were aware of a substantial risk of injury to the plaintiff, but failed to take appropriate steps to protect him from a known danger. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002).

Plaintiff asserts no facts to show that any alleged policy or practice arose out of an explicit intention to punish or cause injury to any inmate. Plaintiff does allege that Defendants acted with deliberate indifference to the repercussions of their policies and practices, however the only facts that Plaintiff pleads to show that Defendants were aware of a substantial risk posed to inmates by their policies and practices is the Report. This Report, however, was issued after Plaintiff's injuries were sustained[4] and all events therein occurred before Plaintiff was detained at the Department of Corrections. Plaintiff does not allege that Defendants were aware of these

---

[4] As noted *supra*, Defendants argue that this Report should be rejected as unreliable. I need not reach the reliability of this document however, because for purposes of this motion to dismiss the Report is irrelevant.

occurrences, or that they were aware of any problems highlighted by the report while Plaintiff was detained. Although Plaintiff states that "a reasonable policy maker would conclude that the consequences of [their] policies and practices would result in the deprivation of inmates' [Constitutional] rights", Plaintiff fails to allege any facts to suggest that Defendants were actually aware of any substantial risk posed to inmates through their policies or practices. Accordingly, Plaintiff has failed to plead facts sufficient to show that Defendants acted with deliberate indifference. Count II is therefore dismissed as to Defendants Stroger and Cook County.

Finally, Plaintiff argues that Cook County is a necessary party to this action because Cook County is obligated under Illinois law to indemnify the Cook County Sheriff for any injury to any person caused by the Cook County Sheriff. Defendant Cook County does not refute this assertion, but argues that if Cook County remains a party to this action, it should only be in the capacity of an indemnitor.

Plaintiff is correct that Illinois law requires the County to indemnify a sheriff who causes injury to another while engaged in the performance of his duties. 55 IL. COMP. STAT. § 5/5-1002. Indeed, in *Carver v. Sheriff of La Salle County* the Supreme Court of Illinois held that a county is required to pay a judgment entered against a sheriff's office in an official capacity because the office of the sheriff is funded by the county. 787 N.E.2d 127, 141 (Ill. 2003) ("*Carver II* "). Subsequently, the Seventh Circuit noted that the Supreme Court of Illinois' decision "implie[d] an additional point of federal law: that a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Robinson v. Sappington,* 351 F.3d 317, 339 (7th Cir. 2003) (quoting *Carver v. Sheriff of LaSalle County, Illinois,* 324 F.3d 947, 948 (7th

7

Cir.2003) (" *Carver III* "). Thomas J. Dart, Sheriff of Cook County, has been named as a defendant in his official capacity in this action. Accordingly, Cook County is an indispensable party to this action. However, as Plaintiff has failed to state a claim upon which relief can be granted against Defendant Cook County, its role in this cause of action will be limited to that of an indemnitor to the Defendant Thomas J. Dart.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint as to Defendant Stroger is granted. Defendant County of Cook, Illinois will remain a defendant in this action solely for purposes of indemnification pursuant to Illinois law.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: March 30, 2010