# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6098 | **DATE** | June 26, 2012 |
| **CASE TITLE** | Ramirez v. Cook County Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion for summary judgment [90] is granted.

## STATEMENT

    John A. Ramirez ("Plaintiff") filed an amended two-count complaint under 42 U.S.C. § 1983 against Thomas J. Dart ("Dart"), Todd H. Stroger ("Stroger"), County of Cook, Illinois ("Cook County"), Salvador Godinez ("Godinez"), Daniel Brown ("Brown"), and Unknown Officers ("Unknown Officers") (collectively "Defendants") in their official capacities. Plaintiff was incarcerated as a pre-trial detainee at Cook County Department of Corrections from February 22, 2008 to June 28, 2008. Plaintiff alleged that during this period, Defendants, by their acts and omissions, were deliberately indifferent to a substantial risk of harm posed to Ramirez by another inmate who attacked him, in violation of his Eighth and Fourteenth Amendment rights under the United States Constitution.

    Defendants moved for summary judgment on both counts, asserting an affirmative defense that Plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), which states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011) (affirming dismissal of inmate's § 1983 action against prison officials for inmate's failure to file grievance against those officials). At issue here is whether Plaintiff exhausted the administrative remedies available to him before filing this action.

    The Cook County Department of Corrections has implemented a detainee grievance procedure to

**STATEMENT**

provide detainees like Plaintiff with "an internal grievance mechanism for resolving complaints arising from institutional matters, so as to reduce the need for litigation and afford the staff the opportunity to improve departmental operations." Cook County Department of Corrections, *General Order 14.5* 1 (1997). A grievance may be initiated to address alleged violations of civil constitutional or statutory rights. *Id.* Similar to the plaintiff in *Pavey*, Plaintiff acknowledged that he was familiar with these administrative procedures governing the grievance process, as he had filed a grievance in the past.

Defendant established that Plaintiff failed to file a grievance against the government before filing this action. Plaintiff, in his response to Defendant's motion, did not offer evidence to contest this. Rather, Plaintiff misunderstood the procedure governing exhaustion and attempted to file a grievance against his inmate attacker instead of the defendants in this case. There is no evidence to suggest that Defendants had any role in causing Plaintiff's misunderstanding. To the contrary, Defendants made information on the grievance procedure widely available to all inmates.

The Rule 56 motion is granted for failure to exhaust administrative remedies.